A93A2214, A93A2528. SOUTHMARK CORPORATION v. TROTTER, SMITH & JACOBS et al. (two cases).

(442 SE2d 265)

McMURRAY, Presiding Judge.

Plaintiff Southmark Corporation appeals the grant of summary judgment in favor of the defendants in two legal malpractice actions. The now-dissolved law firm of Trotter, Smith & Jacobs, as well as numerous former shareholders and associates of the firm, are defendants in each case. The complaints state claims for professional negligence, breach of fiduciary duty, and breach of contract which are predicated on services rendered by the defendants with regard to certain business transactions involving plaintiff prior to its filing for Chapter 11 bankruptcy on July 14, 1989.

Both actions were filed following the bankruptcy court's confirmation of plaintiff's plan of reorganization and order of substantial consummation. Defendants moved for summary judgment in both cases based on plaintiff's failure to identify claims against defendants in the bankruptcy case. In their motions, defendants maintained that the two actions were barred by the doctrines of judicial estoppel and res judicata because plaintiff failed to raise its claims against defendants in the bankruptcy proceeding when it had an obligation and opportunity to do so. Defendants argued that plaintiff failed to disclose its claims as a potential asset in any of several original or amended

schedules, disclosure statements, or plans of reorganization despite the requirement of the bankruptcy laws that it do so.

The superior court granted defendants' motions for summary judgment in both cases on the grounds of judicial estoppel and res judicata. As to Case No. A93A2528, an additional ground was stated, that of the plaintiff's failure to comply with the requirements of OCGA § 9-11-9.1. Plaintiff appeals the grant of summary judgment to the defendants in both cases and presents its arguments in regard to each of the three grounds stated in the superior court's order. *Held*:

Summary judgment was correctly granted in favor of defendants in both cases under the doctrine of judicial estoppel. We first caution as to the semantical dangers which surround the term "judicial estoppel" and similar matters of issue preclusion. While a recent decision of this court has used the term (see *In the Interest of K. M. H.*, 209 Ga. App. 194, 195 (2) (433 SE2d 117)), that case was not referring to exactly the same concept as involved here. Our earlier decision referenced a concept under Georgia law, while we are dealing here with a concept from federal law which has no exact equivalent under Georgia law.

We apply federal law in order to give the proper effect to the judgment of the bankruptcy court sitting in Texas which ruled upon plaintiff's bankruptcy case. The goal is to afford the judgment of the bankruptcy court the same effect here as would result in the court where that judgment was rendered. See *Jerome J. Steiker Co. v. Eccelston Properties, Ltd.*, 593 NYS2d 394, 398. Accord *Mayor &c. of Forsyth v. Monroe County*, 260 Ga. 296 (392 SE2d 865).

The federal doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. "Thus, the 'essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' *Allen v. Zurich Insurance Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982)." *Continental Illinois Nat. Bank &c. Co. of Chicago v. Windham*, 668 FSupp. 578, 581. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. *In re Doemling*, 157 B.R. 565; *In re Galerie Des Monnaies of Geneva, Ltd.*, 62 B.R. 224. The doctrine does not require reliance or prejudice before a party may invoke it. *In re Kessel*, 108 B.R. 281.

These cases involve primarily the obligation placed upon the debtor in a Chapter 11 bankruptcy case to file a list of assets in which it must disclose any litigation which might arise from pre-bankruptcy matters. Compliance with disclosure requirements is essential to maintaining a bankruptcy case. *In re Roberts*, 117 B.R. 677; *In re*

*Hubbard,* 96 B.R. 739. In the light of the stringent disclosure requirements under Chapter 11, the failure to disclose such information is viewed as amounting to a denial that such claims exist. This de facto denial triggers the application of several types of issue preclusion to bar subsequent attempts to prosecute such actions. See *Oneida Motor Freight v. United Jersey Bank,* 848 F2d 414; *Westland Oil Dev. Corp. v. MCORP Mgmt. Solutions,* 157 B.R. 100, 102; *In re Standfield,* 152 B.R. 528. Plaintiff's assertion that it never denied having claims against defendants is predicated upon statements in its bankruptcy schedules that the value of its contingent and unliquidated claims was unknown and statements in disclosure statements and plan of reorganization that it intended to pursue any claims which it could identify. Nonetheless, there was no reference to any claim against defendants and this failure to disclose precludes subsequent assertion of those claims. See also *In re H. R. P. Auto Center,* 130 B.R. 247, 253-254; *In re Louden,* 106 B.R. 109, 112.

While plaintiff denies that it had any knowledge of the claims against defendants, it is not clear that this assertion addresses a relevant issue since it is not clear from the relevant case law that such lack of knowledge would prevent the application of the doctrine of judicial estoppel. In any event, this assertion is contradicted by uncontroverted evidence showing that plaintiff had knowledge of the claims against defendant prior to confirmation of plaintiff's final plan of reorganization. While there is conflicting evidence concerning what level of knowledge plaintiff had at various times, the report of the court-appointed examiner raised issues as to such claims prior to confirmation of the final plan of reorganization, and plaintiff had actual knowledge of the difficulties with the business transactions which form the foundation for these actions. While plaintiff attempts to excuse its failure to list the claims against defendants in the bankruptcy court by invoking the theory that it exercised "reasonable diligence" in investigating the potential causes of action which had been brought to its attention, this begs the question since plaintiff's knowledge of even a potential claim was subject to the disclosure requirements and provides a sufficient basis for the application of judicial estoppel. *Pako Corp. v. Citytrust,* 109 B.R. 368, 377; *In re Hoffman,* 99 B.R. 929, 933.

Nor can we accept the suggestion that plaintiff's argument that the circumstances are such as to warrant a deliberate change of position by it on the issue of whether it has claims against defendants without imposition of judicial estoppel. Cases adopting such a theory involve parties who are able to demonstrate how they were actively misled by the information available to them. Here, any deficiency in plaintiff's perceptions is only shown as arising from the press to complete the process within the bankruptcy court in a time frame which

was advantageous to plaintiff.

While the superior court stated alternative grounds for its grant of summary judgments in favor of defendants we need not reach the enumerations of error directed to the alternative grounds. Our conclusion that plaintiff's actions are barred by the doctrine of judicial estoppel requires the affirmance of the judgments of the superior court.

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MARCH 4, 1994 —
RECONSIDERATION DENIED MARCH 16, 1994 — 

*Casey, Gilson & Williams, James E. Gilson, Matthew D. Williams, Jones, Day, Reavis & Pogue, W. Rhett Tanner, John H. Williamson, Richard M. Kirby*, for appellant.

*Bondurant, Mixson & Elmore, Emmett J. Bondurant, H. Lamar Mixson, John E. Floyd, Mary J. Bradbury*, for appellees.