**Mark E. MALOY, Plaintiff,**

v.

**Arthur L. PHILLIPS, et al., Defendants.**

**No. 3:93–cv–98(WDO).**

United States District Court,
M.D. Georgia,
Athens Division.

June 25, 1996.

Barry Gordon Irwin, Athens, GA, for Mark E. Maloy.

Arthur Leister Phillips, Macon, GA, for Arthur L. Phillips and Phillips, Davis, & Donner.

## ORDER

OWENS, District Judge.

Before the court is defendant's motion for summary judgment [Tab 61]. Plaintiff, after being notified of his obligation to respond and that failure to do so would not prevent the motion from being submitted to the court for decision, has not responded. After carefully considering the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

## I. UNDISPUTED FACTS [1]

After receiving a request from his client bank to do so, defendant-attorney mailed a debt collection letter to plaintiff-debtor on November 13, 1992. Later that same day, after the letter had been placed in the United States mail, defendant received notice from the bank that plaintiff had filed a Chapter 13 petition in bankruptcy. Defendant, an experienced attorney who understood that the filing of the petition triggered the automatic stay of 11 U.S.C. § 362, immediately ceased all communication with plaintiff.

On November 16, 1992, plaintiff received the letter. On November 15, 1993, plaintiff filed his complaint alleging violations of 15 U.S.C. §§ 1692e(11) and 1692g. This court entered judgment of dismissal on both counts, finding that the complaint was filed outside the applicable one-year limitations period. On appeal, the Eleventh Circuit held that dismissal was proper as to the § 1692e(11) claim, but not as to the claim brought under § 1692g. Specifically, the Eleventh Circuit reversed the decision dismissing the complaint "because [Maloy] may have a valid § 1692(g) claim that was not filed outside the applicable one-year statute

---

1. As noted, plaintiff has not responded to defendant's motion or to defendant's statement of material facts not in dispute. *See* Local Rule 3.7 (movant required to file statement of facts not in dispute). Accordingly, defendant's fact statement is deemed admitted by plaintiff. Local Rule 3.7.

of limitations." *Maloy v. Phillips,* 64 F.3d 607, 609 n. 2 (11th Cir.1995).

Section 1692g reads, in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ... a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ... [and] a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector....

Plaintiff alleges that defendant failed to provide in its letter of November 13, and within a subsequent communication to be sent within five days thereafter, the "validation" notice required by § 1692g. Defendant has moved for summary judgment, claiming that 11 U.S.C. § 362 prevented it from complying with the requirements of 15 U.S.C. § 1692g.

## II.  SUMMARY JUDGMENT

■ Federal Rule of Civil Procedure ("FED.R.CIV.P.") 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Where the material facts are undisputed and the question is primarily one of law, such as interpreting a statute and applying it to a given set of facts, disposition by summary judgment is particularly appropriate. *LTV Steel Co., Inc. v. Northwest Engineering & Const., Inc.,* 41 F.3d 332 (7th Cir.1994).

## III.  DISCUSSION

■ The material facts are undisputed. The sole issue is whether the automatic stay prohibits the notice otherwise required by § 1692g. The automatic stay raised by the filing of plaintiff's bankruptcy petition prevented any further action "to collect, assess, or recover a claim against the debtor...." 11 U.S.C. § 362(a)(6).

One of the bankruptcy laws' primary goals is to protect the debtor from the collection efforts of creditors until discharge. To serve that end Congress enacted Section 362(a), the "automatic stay" provision, that "bars assessment against the bankrupt of any claim that arose before the commencement of the bankruptcy proceeding." As the legislative history of Section 362(a) put it:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

> \*      \*      \*      \*      \*      \*

To that end Section 362(a)(6) outlines the scope of the stay in part by forbidding, after the filing of a bankruptcy petition:

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ...

Courts regularly emphasize (1) that the quoted language is "very broad" and is therefore to be construed broadly and (2) that it is designed to keep creditors from coercing and harassing the debtor in order to collect prepetition debts. By its own terms Section 362(a)(6) applies to "any act" and "prevents creditors from attempting in any way to collect a prepetition debt."

Thus any act taken by a creditor for the purpose of collecting a prepetition debt violates the stay if it amounts to pressure on the debtor to pay.

*Divane v. A and C Elec. Co., Inc.*, 193 B.R. 856, 859 (N.D.Ill.1996) (all citations omitted). This broad prohibition certainly encompassed the communication required by 15 U.S.C. § 1692g. Suppose, for example, that the initial communication from the debt collector (here the November 13 letter) precipitated the filing of the petition in bankruptcy. Does not the automatic stay then prevent the debt collector from following up that communication with yet another? The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o, establishes a procedure for the lawful collection of debts. Sending the validation notice required by § 1692g would have been yet another step forward in the statutorily created collection process, and would have in the court's considered judgment "amount[ed] to pressure on the debtor to pay." *See Divane*, 193 B.R. at 859.

The notice required by § 1692g suggests to a debtor that collection efforts are ongoing, and have not been halted by the bankruptcy petition. The notice informs debtors that if they do not take action to dispute the debt within thirty days, the debt will be presumed valid, and that if disputed the debt collector will obtain a copy of the document verifying such debt and mail it to the debtor. Not only does this notice suggest that the debtor's failure to dispute the debt will prejudice the debtor, but that if the debtor does act the collector will take further action. In sum, this notice creates the prospect of future contacts from the collector as well as future action by the collector with regard to the debt. Although the provisions of the FDCPA are intended to protect consumers, the § 1692g notice that plaintiff complains of not having received may nevertheless cause "[i]nexperienced, frightened, or ill-counseled debtors [to] succumb to suggestions to repay notwithstanding their bankruptcy." H.R.Rep. No. 595, 95th Cong., 1st Sess. 342, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6298.

Based on the foregoing, the court finds that Section 362(a)(6) prohibits a collector from sending the notice required by § 1692g.

## IV. CONCLUSION

Defendant's situation was a catch–22. One statute told him to go left, and the other right. Erring on the side of caution, defendant chose to terminate all communications with debtor. In the court's best judgment, defendant made the right choice by honoring the automatic stay. Accordingly, defendant's motion for summary judgment is **GRANTED.**[2]

**SO ORDERED.**

---

2. The court notes that the doctrine of judicial estoppel, as discussed in *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga.App. 454, 442 S.E.2d 265 (1994), would appear to warrant entry of summary judgment in defendant's favor as well.