S00G0620. WOLFORK v. TACKETT et al.
(540 SE2d 611)

FLETCHER, Presiding Justice.

The Court of Appeals affirmed the grant of summary judgment to Gail Tackett in a personal injury action brought by Lucille Wolfork, concluding that Wolfork's failure to disclose her claim for personal injuries as an asset in her Chapter 13 bankruptcy barred her tort claim.[1] This Court granted certiorari to consider whether judicial estoppel applies to a tort claim that arises after the filing of a Chapter 13 bankruptcy petition. Because Chapter 13 debtors are required to disclose assets acquired during the pendency of the bankruptcy, we hold that judicial estoppel may apply to Chapter 13 cases and we affirm.

The federal doctrine of judicial estoppel "precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding."[2] This doctrine is commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition.[3] A failure to reveal assets, including unliquidated tort claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations.

---

[1] *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999).

[2] *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994).

[3] Id.

The application of the doctrine preserves the integrity of the judicial forum by not permitting a debtor to take inconsistent positions to manipulate the system.[4]

The bankruptcy estate in Chapter 13 cases, like Chapter 11 cases, includes property acquired during the pendency of the proceedings.[5] Thus, a petitioner in a Chapter 13 proceeding is required to disclose all property, including tort claims, acquired before the discharge of the bankruptcy proceeding.[6] The bankruptcy code permits a petitioner to seek to reopen the case to amend the schedules of assets to disclose newly discovered assets.[7] Because the Chapter 13 debtor is under the same obligations as the Chapter 11 debtor to reveal assets during the pendency of the bankruptcy proceeding, the rationale and public policy supporting the application of judicial estoppel in Chapter 11 proceedings apply equally to Chapter 13 bankruptcy petitions. Therefore, judicial estoppel is appropriately applied in cases in which a bankruptcy petitioner fails to disclose a tort claim acquired during the pendency of the Chapter 13 proceeding.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Graylin C. Ward, Kevin A. Foreman*, for appellants.
*Cobb & Walton, Bobby L. Cobb, Harper, Waldon & Craig, Russell D. Waldon, Janice M. Wallace*, for appellees.

---

[4] Id.
[5] 11 U.S.C. § 1306 (a) (1).
[6] See 11 U.S.C. §§ 521 (1) and 541 (a) (7).
[7] See 11 U.S.C. § 350 (b).
[8] See also *Smalls v. Walker*, 243 Ga. App. 453 (532 SE2d 420) (2000); *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997).