A01A1206. WEISER et al. v. WERT et al.
(554 SE2d 762)

ELDRIDGE, Judge.

This case raises the issue of first impression of whether the voluntary dismissal of a Chapter 13 wage-earners plan not amended to schedule a medical malpractice claim arising after filing is sufficient to avoid judicial estoppel. The trial court denied the defendants' motion for summary judgment on this ground, and we affirm.

In May 1998, Shawn Wert underwent abdominal surgery and was treated by Drs. Edward B. Weiser and William A. Godfrey and FPA/Meridian Medical Group, P.C.; plaintiff contends that the defendants committed professional malpractice subsequent to the initial surgery, causing further hospitalization on June 9, 1998.

On July 16, 1999, the plaintiff and her husband, Michael Wert, sued the defendants for medical malpractice. But, on April 23, 1997, plaintiffs filed a Chapter 13 wage-earners petition in the bankruptcy court. On June 11, 1997, the bankruptcy court confirmed the wage-earners plan. After the potential malpractice claim arose in June 1998, plaintiffs did not amend the pending bankruptcy petition and reopen the proceedings to schedule the potential tort claim as an additional asset. However, instead on September 27, 1999, two

months after they filed suit, the plaintiffs voluntarily dismissed their wage-earners plan in bankruptcy court, abandoning all protection from creditor action rather than amend their Chapter 13 wage-earners plan to show the malpractice action. On February 3, 2000, defendants filed their motion for summary judgment on the grounds of judicial estoppel from such failure to amend and to schedule this pending suit. On June 12, 2000, the trial court denied the motion and granted a certificate of immediate review.

The defendants contend that the

> trial court erred when it denied Appellants' Motions for Summary Judgment based on the doctrine of judicial estoppel because (a) Appellees successfully took the inconsistent and irreconcilable position in the Bankruptcy Court that they had no claim against Appellants, and (b) they further, to this day, have made no efforts to correct their errors by seeking to reopen the bankruptcy case.

We do not agree and affirm.

The doctrine of judicial estoppel has justification under Georgia law only to preserve and to protect the integrity of the judicial system from intentional manipulation by a litigant taking inconsistent positions in different courts in order to gain an unfair advantage. *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). Such doctrine is not to protect the defendants as a shield from liability on the merits. Id. This was not a Chapter 7 bankruptcy action that required all potential claims and assets vested at the time of filing to be scheduled in the original petition. Id. However, it was a Chapter 13 wage-earners plan, requiring the filing of all assets possessed at the time of filing and an amendment of a pending plan to schedule a potential claim subsequently arising to the filing of the action, because the wage-earners plan continued under the jurisdiction of the bankruptcy court protection from creditor action. See *Jowers v. Arthur*, 245 Ga. App. 68 (537 SE2d 200) (2000) (physical precedent only); *Smalls v. Walker*, 243 Ga. App. 453, 456-457 (2) (532 SE2d 420) (2000); *Wolfork v. Tackett*, 241 Ga. App. 633 (526 SE2d 436) (1999) (whole court); *Byrd v. JRC Towne Lake*, 225 Ga. App. 506, 507-508 (484 SE2d 309) (1997).

In this case, there was no misleading the bankruptcy court by "successfully [taking] the inconsistent and irreconcilable position in the Bankruptcy Court that they had no claim against [defendants,]" because no such assertion was made, and, to the extent that such claim subsequently vested, the bankruptcy petition for Chapter 13 was voluntarily abandoned to avoid such possibility of an inconsistent position. The voluntary dismissal of the Chapter 13 plan termi-

nated the bankruptcy estate and restored the property to the plaintiffs, subjecting such assets to any creditor action. See generally *Wolfork v. Tackett*, supra at 634. Therefore, there existed no need to amend to set forth this claim, because plaintiffs abandoned bankruptcy protection to avoid any inconsistent position with this pending action. It is true that an amendment of the wage-earners plan would have achieved the same result. See *Jowers v. Arthur*, supra.

Where the bankruptcy petition has been amended to schedule an omitted potential claim, then any inconsistent position between the bankruptcy petition and the lawsuit has been eliminated, because there no longer exists inconsistent positions upon which the plaintiff could theoretically gain an unfair advantage. See *Jowers v. Arthur*, supra at 69-70; *Smalls v. Walker*, supra at 456 (2); *Clark v. Perino*, 235 Ga. App. 444, 446 (1) (509 SE2d 707) (1998); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996).

This case is analogous to *Jowers v. Arthur,* where the plaintiff voluntarily dismissed a Chapter 13 petition after confirmation of the wage-earner plan, because a personal injury claim that arose prior to the bankruptcy had not been scheduled; Jowers refiled the Chapter 13 petition after scheduling the potential claim. In this case, plaintiffs' potential medical malpractice claim arose over a year after the wage-earners plan had been filed and confirmed, and plaintiffs voluntarily dismissed the Chapter 13 petition without refiling it, unlike *Jowers v. Arthur*. Voluntary dismissal and not refiling, as here, and refiling to correctly show a potential claim after voluntary dismissal, as in *Jowers v. Arthur,* both equally and effectively eliminated any inconsistency between a pending bankruptcy action and the malpractice suit in no way affecting adversely the interests of the creditors; thus, judicial estoppel has no application. Id. See also *Clark v. Perino*, supra at 446.

Judicial estoppel applies when there existed the intent to gain an unfair advantage and there continues to exist an inconsistent position, conferring such advantage in either the bankruptcy court, the state action, or both, requiring judicial estoppel to prevent injustice from occurring. See *Southmark Corp. v. Trotter, Smith & Jacobs,* supra at 455.

Further, as a matter of Georgia public policy, physicians and surgeons have not been shielded from their professional malpractice by defenses other than those arising from malpractice jurisprudence.[1] We cannot apply the doctrine of judicial estoppel to bar the

---

[1] *Keenan v. Plouffe*, 267 Ga. 791, 793-795 (2) (482 SE2d 253) (1997) (no official immunity for employee-physician); *Davis v. Stover*, 258 Ga. 156, 157 (366 SE2d 670) (1988) (no workers' compensation immunity for employee-physician); *Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517, 519 (3) (385 SE2d 436) (1989) (no charitable immunity for physi-

plaintiffs' cause of action where the plaintiffs have clearly taken action to avoid any inconsistent position. To apply the doctrine where the plaintiffs have corrected inconsistent positions would serve only to shield the defendants from professional malpractice without a rational basis. *Southmark Corp. v. Trotter, Smith & Jacobs*, supra at 455.

*Judgment affirmed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED SEPTEMBER 14, 2001.

Weinberg, Wheeler, Hudgins, Gunn & Dial, *John K. Train IV, Adriane C. Yelton, Webb, Carlock, Copeland, Semler & Stair, Dennis G. Lovell, Jr., Amy H. Ferguson*, for appellants.
*Loewenthal & Jackson, Glenn A. Loewenthal*, for appellees.

---

cian); *Jackson v. Miller*, 176 Ga. App. 220, 221 (1) (335 SE2d 438) (1985) (no official immunity for employee-physician).