S02G0380. PERIOD HOMES, LTD. v. WALLICK.
(569 SE2d 502)

THOMPSON, Justice.

We granted certiorari in *Wallick v. Period Homes, Ltd.*, 252 Ga. App. 197 (555 SE2d 863) (2001), to answer this question: Does the doctrine of judicial estoppel automatically bar the debtor from bringing a breach of contract action when the debtor did not list the cause of action as a separate asset in its Chapter 11 schedule of assets? Finding that the Court of Appeals was correct in answering this question in the negative, we affirm.

In 1991 Wallick began Chapter 11 bankruptcy proceedings. Among his scheduled assets were two lots located in Fulton County. As debtor-in-possession, he contracted with Christian & Associates (now Period Homes) for the sale of the lots for $800,000. Thereafter, Period Homes terminated the sales contract in a manner that Wallick alleges was improper and a breach of the contract. Wallick did not amend his Chapter 11 schedule of assets to include the potential

breach of contract claim against Period Homes.

In April 1995 Wallick's Chapter 11 bankruptcy was involuntarily converted to a Chapter 7 (liquidation) bankruptcy. A trustee was appointed to liquidate Wallick's assets and distribute them to his creditors. Wallick informally informed the trustee about the breach of contract claim against Period Homes, but never amended his schedule of assets to include the claim during the course of the Chapter 7 bankruptcy.

In November 1995 Wallick sold the land that was the original subject of the contract with Period Homes to a third party for $730,000. One year later, the trustee closed Wallick's Chapter 7 bankruptcy case. Over $61,000 remained in the bankruptcy estate and was distributed to Wallick at that time.

Wallick subsequently brought suit against Period Homes for breach of contract. Period Homes moved for summary judgment, arguing that Wallick's failure to amend his Chapter 11 schedule of assets to include the breach of contract claim barred the claim under the doctrine of judicial estoppel. The trial court granted summary judgment to Period Homes on that ground.

The Court of Appeals reversed, holding that there "is no authority which requires a [Chapter 11] debtor to amend or supplement his asset schedule to list proceeds . . . of estate property as a separate asset on the . . . schedule." *Wallick*, 252 Ga. App. at 201. In so doing, the Court of Appeals observed that previous statements in our appellate decisions which recognized such a duty for Chapter 11 debtors were only dicta, not supported by other authority and not binding. Id. at 201-202 (citing *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001); *Kittle v. ConAgra Poultry Co.*, 247 Ga. App. 102 (1) (543 SE2d 411) (2000)). Since there was no statutory or other requirement that Wallick amend his Chapter 11 schedule of assets, the Court of Appeals reasoned, judicial estoppel was not appropriate. Accordingly, the Court of Appeals reversed the trial court's grant of summary judgment for Period Homes.

1. To decide whether judicial estoppel is appropriate under these circumstances, we must first determine whether Wallick was required to list his cause of action against Period Homes on his schedule of assets during either his Chapter 11 or Chapter 7 bankruptcy case.

Unlike a bankruptcy proceeding under Chapter 13, there are only limited circumstances in which a Chapter 7 or 11 debtor must amend his schedule of assets to reflect property acquired after commencement of the case. See 11 USC § 541 (a) (7). This is in stark contrast to the amendment requirement that a Chapter 13 debtor is under, 11 USC § 1306 (a), which directs that all property acquired after the commencement of the bankruptcy proceeding be included in

an amended schedule of assets. There is no analogous provision for bankruptcies proceeding under Chapters 7 or 11. Accordingly, a debtor under Chapters 7 or 11 is under no *statutory* duty to amend its schedule of assets. However, as we point out in Division 2, a Chapter 7 or 11 debtor may wish to voluntarily amend his schedule of assets to avoid other consequences (such as judicial estoppel). See *In re Bell*, 225 F3d 203, 216 (2nd Cir. 2000). To the extent that this distinction conflicts with our statement in *Wolfork v. Tackett,* supra, that a Chapter 7 or 11 debtor is required to amend his schedule of assets, *Wolfork* is disapproved.

2. That Wallick's failure to amend his schedule of assets does not *automatically* bar his claim does not mean, however, that judicial estoppel can play no role in this case. The federal doctrine of judicial estoppel precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding. *Cochran v. Emory Univ.*, 251 Ga. App. 737 (555 SE2d 96) (2001). It is most commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors. *Wolfork*, 273 Ga. at 328.

The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine*, 532 U. S. 742 (121 SC 1808, 149 LE2d 968) (2001). This equitable doctrine is invoked by a court at its discretion, and intended to prevent abuse of the judicial process. The circumstances under which it is appropriate are not reduced to any general formula or rule. Id.

Period Homes asserts that judicial estoppel is appropriate in this case because Wallick's failure to list the cause of action in the bankruptcy schedule amounted to a stipulation that the claim did not exist. There are two factors which weigh against the application of judicial estoppel in this assertion. First, Wallick did not "mislead" the bankruptcy court about the existence of the claim against Period Homes, and his current position with respect to the claim is not "clearly inconsistent" with his position during the pendency of his bankruptcy. See *United States v. Hook*, 195 F3d 299 (7th Cir. 1999); *Edwards v. Aetna Life Ins. Co.*, 690 F2d 595 (6th Cir. 1982). While proceeding under Chapter 11, Wallick had received the bankruptcy court's permission to contract with Period Homes for the sale of the land. After his bankruptcy was converted to Chapter 7 and the property finally sold, Wallick informed the trustee of the claim, and the amount of damages which might be sought. Thus, it cannot be said that Wallick "misled" or otherwise manipulated either the court or

the bankruptcy trustee.

Second, we do not find that any benefit accrued to Wallick by his omission of the claim against Period Homes from his schedule of assets. See *Dillard-Winecoff, LLC v. IBF Participating Income Fund*, 250 Ga. App. 602 (552 SE2d 523) (2001). Wallick's bankruptcy case, even after conversion to Chapter 7, did not result in the discharge of any debt, nor did any creditors compromise their claims against Wallick or the bankruptcy estate. Instead the creditors were paid in full out of the estate's funds and the remaining $61,000 was distributed to Wallick according to 11 USC § 726 (a) (6), under which bankruptcy estate property may only be distributed to the debtor after all other claims, outstanding interest payments, fines, and penalties have been paid. Thus, the omission of Wallick's claim against Period Homes did not garner him any advantage during the bankruptcy proceedings, and did not deprive any creditors of resources against which they would satisfy their claims.

3. Period Homes asserts that Wallick has no standing to pursue the claim because the breach of contract claim was never properly abandoned by the bankruptcy trustee and is still the property of the estate. We disagree. This bankruptcy estate was closed, not by discharge and abandonment, but by successful distribution. Accordingly, all remaining assets of the Chapter 7 estate were distributed to Wallick, including the claim against Period Homes.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Gray & Gilliland, Charles A. Ratz*, for appellant.
*Freed & Berman, Robert H. McKnight, Jr.*, for appellee.
*Lamberth, Cifelli, Stokes & Stout, George F. Nason IV*, amicus curiae.

