## A02A1591. CHICON v. CARTER et al.
### (573 SE2d 413)

SMITH, Presiding Judge.

This case concerns the applicability of the federal doctrine of judicial estoppel to a Georgia personal injury action filed by Chapter 13 bankruptcy debtors. In some circumstances, this doctrine prevents debtors from pursuing a personal injury claim not disclosed in their bankruptcy petition. See generally *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001).[1] Georgia courts "apply federal law in order to give the proper effect to the judgment of the bankruptcy court." *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). In this case, however, the injury itself and the action occurred after confirmation of a plan providing for payment in full of all creditors, and the debtors were discharged after successfully completing their plan. The debtors gained no unfair advantage by nondisclosure, and the bankruptcy court determined that their personal injury claim did not form part of the bankruptcy estate. We therefore affirm the trial court's denial of summary judgment to the defendant in the personal injury action.

The trial court correctly identified the relevant facts in this action. On July 6, 1995, Michael J. Carter and Rebecca Carter filed a Chapter 13 bankruptcy proceeding. On November 21, 1995, a plan was confirmed providing for payment of all their creditors in full. On April 18, 2000, the Carters were discharged having "fulfilled all requirements under the plan," and the case was closed on May 10, 2000.

In October 1998 the Carters were involved in an automobile collision with defendant Debra Sue Chicon, and they filed this action in December 1999. On July 3, 2000, Chicon moved for summary judgment on the basis of the doctrine of judicial estoppel. The Carters immediately dismissed their civil action without prejudice and filed a motion in the bankruptcy court to reopen their Chapter 13 proceeding and amend their schedules to include the claim against Chicon.

The bankruptcy court denied the Carters' motion to reopen the bankruptcy proceeding to amend their schedule, reasoning that the

---

[1] *Wolfork* was recently limited by *Period Homes v. Wallick*, 275 Ga. 486 (569 SE2d 502) (2002), in its application to Chapter 7 and 11 bankruptcy cases, but that holding is inapplicable to this Chapter 13 bankruptcy.

tort claim never became part of the property of the estate because by the time it arose, the Carters' plan was already confirmed and under the relevant Eleventh Circuit authority any additional property not necessary for maintenance of the plan became the property of the debtors, not the bankruptcy estate. Accordingly, the bankruptcy court concluded, the Carters were not obligated to disclose their tort claim, and the doctrine of judicial estoppel did not apply. *In re Carter*, 258 BR 526 (S.D. Ga. 2001).

Meanwhile, the Carters refiled their personal injury action. In October 2001, Chicon renewed her motion for summary judgment. It was denied by the trial court, which issued a certificate of immediate review. We granted interlocutory review, and this appeal followed.

> The federal doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. This doctrine is commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition. A failure to reveal assets, including unliquidated tort claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations. The application of the doctrine preserves the integrity of the judicial forum by not permitting a debtor to take inconsistent positions to manipulate the system.

(Punctuation and footnotes omitted.) *Wolfork*, supra at 328-329. Most of the decisions rendered by the Georgia courts are concerned primarily with whether the debtor has attempted in a timely fashion to reopen the bankruptcy case to include the damages claim. See, e.g., *Rowan v. George H. Green Oil*, 257 Ga. App. 774 (572 SE2d 338) (2002); *Cochran v. Emory Univ.*, 251 Ga. App. 737 (555 SE2d 96) (2001); *Harper v. GMAC Mtg. Corp.*, 245 Ga. App. 729 (538 SE2d 816) (2000); *Jowers v. Arthur*, 245 Ga. App. 68 (537 SE2d 200) (2000) (physical precedent only); *Smalls v. Walker*, 243 Ga. App. 453 (532 SE2d 420) (2000).

Here, the Carters attempted to amend their petition, but the bankruptcy court denied their motion, determining that no necessity for amendment existed. Under these circumstances, the doctrine of judicial estoppel does not apply. It exists

> to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for

suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citations and punctuation omitted.) *Reagan v. Lynch*, 241 Ga. App. 642, 643-644 (524 SE2d 510) (1999). Here, the bankruptcy court itself determined that the claim in question did not form part of the bankruptcy estate. The omission of the claim therefore "did not garner [the Carters] any advantage during the bankruptcy proceedings, and did not deprive any creditors of resources against which they would satisfy their claims." *Period Homes v. Wallick*, 275 Ga. 486, 489 (2) (569 SE2d 502) (2002). As observed in *Jowers*, supra, "it stands to reason that the Georgia court in which the tort claim is asserted should honor the bankruptcy court's actions. To hold otherwise would produce overly harsh and inequitable results." Id. at 70-71.

The bankruptcy court's conclusion that the Carters' tort claim never formed part of their bankruptcy estate forbids the application of judicial estoppel to their claim. This is a plain application of the principle that we apply federal law in order to give the proper effect to the judgment of the bankruptcy court. *Southmark*, supra at 455. The trial court correctly denied summary judgment on this ground.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 24, 2002

*Dillard & Crowley, Terry A. Dillard, Scott C. Crowley*, for appellant.

*Thomas R. Taggart*, for appellees.