## A05A0949. BATTLE v. LIBERTY MUTUAL FIRE INSURANCE COMPANY et al.

(623 SE2d 541)

BARNES, Judge.

Le'Roy Battle sued Liberty Mutual Fire Insurance Company and Georgia Underwriting Association (GUA), seeking payment for fire damage to his house. The insurance companies answered and moved for summary judgment, which the trial court granted. The court held that Battle was judicially estopped from recovering from his insurers because he failed to list the house as an asset in his successful 1995 Chapter 7 bankruptcy petition. For the reasons that follow, we affirm the trial court.

On January 31, 2002, a fire damaged Battle's Columbus house while he was away. An investigator with the Columbus Fire Department initially listed the cause of the fire as accidental, but after further investigation concluded that the fire was set intentionally. Battle held policies with Liberty Mutual and GUA insuring the house and its contents. On February 6, 2002, GUA retained a fire analysis specialist who examined Battle's house and concluded that the fire was caused by "an intentional human act." Battle submitted proof of loss claims in April and May 2002, and Liberty Mutual examined him under oath in July 2002. Battle filed suit in January 2003. Liberty Mutual answered, denying liability, and counterclaimed against Battle for fraud and expenses of litigation; GUA answered and denied liability.

Both insurers moved for summary judgment, arguing that they were not liable under the policies on three grounds: (1) Battle was judicially estopped from claiming an ownership interest in the property because he failed to list it as an asset in his successful 1995 Chapter 7 bankruptcy; (2) his policies were void because he failed to inform the company about a previous theft loss in his application; and (3) he failed to cooperate with the company's investigation. Following Battle's responses and a hearing on the motions, the trial court granted summary judgment to the insurers, holding that:

> Here, the Plaintiff successfully pled to the U.S. Bankruptcy Court for the Northern District of Georgia that he did not own the subject property. This position is clearly inconsistent with his current claim that he owns the subject property. . . . The discharge of Plaintiff's debts yielded a substantial and unfair advantage to the Plaintiff, who was able to thereby shield the house from his creditors and maintain the insurable interest he is asserting here. Plaintiff has put himself in an untenable position through his efforts to

manipulate the courts to his advantage. The doctrine of judicial estoppel clearly applies to this case, barring all of Plaintiff's claims.

"The federal doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding." *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454, 455 (442 SE2d 265) (1994). This court in *Southmark* went on to hold:

> Thus, the essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary.

(Citations and punctuation omitted.) Id. Its purpose "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment," and is "intended to prevent abuse of the judicial process." (Citation omitted.) *Period Homes v. Wallick*, 275 Ga. 486, 488 (2) (569 SE2d 502) (2002). The trial court has discretion in determining whether judicial estoppel applies in cases involving bankruptcies under Chapters 7 and 11. *Vojnovic v. Brants*, 272 Ga. App. 475, 477 (1) (612 SE2d 621) (2005).

Application of the doctrine to a particular case depends on three factors: (1) the party's later position must be clearly inconsistent with his earlier one; (2) the party must have persuaded a court to accept his earlier inconsistent position; and (3) the party must derive an unfair advantage or impose an unfair detriment on his opponent if not estopped. *SuperValu v. KR Douglasville*, 272 Ga. App. 710, 714 (3) (613 SE2d 154) (2005). If an earlier bankruptcy petition was dismissed, then a petitioner did not persuade a court to accept his earlier inconsistent position and judicial estoppel does not apply. *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765, 767 (573 SE2d 58) (2002). If a petitioner left no unpaid claims in an earlier bankruptcy, then he derived no unfair advantage and judicial estoppel does not apply. *Period Homes v. Wallick*, supra, 275 Ga. 486. Similarly, a petitioner who fails to list a claim in a Chapter 13 bankruptcy can avoid estoppel by moving the bankruptcy court to reopen the case or amend his petition to declare the omitted claim or cause of action. *Reagan v. Lynch*, 241 Ga. App. 642, 645 (524 SE2d 510) (1999) (Barnes, J., concurring specially).

In this case, the record shows that Battle received the house at issue here from his mother by warranty deed dated June 1985. A certified copy of Battle's 1995 Chapter 7 bankruptcy petition reveals that this property was not listed on his schedule of assets, although two other pieces of real property were, both secured by mortgages. Battle also listed more than $118,000 in unsecured debts. The bankruptcy court allowed the mortgagee to foreclose on and sell one piece of property, and Battle reaffirmed the mortgage on the other real property. After a thorough investigation, the trustee reported to the court that "there is no property available for distribution from the estate over and above that exempted by law." The bankruptcy court subsequently released Battle from all dischargeable debts and closed the estate in October 1995.

Battle argues that the insurers must show that he received an unfair advantage or imposed an unfair detriment on them in this case, because the trial court can only consider the parties before it. Here, he contends, the insurers can show no change of position in reliance on the 1995 bankruptcy, and no evidence was lost or destroyed. Further, he argues that the documents used by the companies to prove he failed to list a prior theft loss are forged, and that argument is supported by the affidavit of a document expert. Thus, the companies have unclean hands and should not be allowed to assert the doctrine of judicial estoppel here.

We can find no requirement in the cases that a party raising the defense of judicial estoppel must show that it was directly affected by its opposing party's prior inconsistent successful position. Rather, the Supreme Court of Georgia has held to the contrary that "[t]he doctrine does not require reliance or prejudice before a party may invoke it." *Southmark Corp. v. Trotter, Smith & Jacobs*, supra, 212 Ga. App. at 455.

The primary purpose of judicial estoppel being to protect the integrity of the judicial process, we agree that when a debtor fails to list a property in a bankruptcy proceeding that results in no money being paid to his unsecured creditors, he cannot subsequently obtain reimbursement of a damage claim for that same property. Accordingly, the trial court did not err in granting summary judgment to Liberty Mutual and GUA.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 3, 2005 —
RECONSIDERATION DENIED NOVEMBER 18, 2005.

*Falanga & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellant.

*Drew, Eckl & Farnham, Harold M. Bagley, Karen K. Karabinos, Swift, Currie, McGhee & Hiers, Thomas D. Martin, Gino L. Montoya,* for appellees.