## A05A1716. COLLECTIONS OF LIFE & HERITAGE, INC.
### v. GASTON-THACKER, GENERAL PARTNERS.

(626 SE2d 827)

RUFFIN, Chief Judge.

After Gaston-Thacker, General Partners ("Gaston-Thacker") obtained a judgment against Collections of Life & Heritage, Inc. ("Collections of Life") in the amount of $484,850.71, Gaston-Thacker filed a writ of fieri facias in Fulton County, recording the debt. Collections of Life sued to have the writ cancelled.[1] The trial court granted a motion for summary judgment filed by Gaston-Thacker, and denied a motion filed by Collections of Life. Collections of Life appeals, arguing inter alia that the failure of one of Gaston-Thacker's partners to disclose the existence of the judgment to two bankruptcy courts should estop the partnership from collecting the debt. We find this argument meritless, and we affirm.

The relevant and undisputed facts show that the two partners of Gaston-Thacker were A. G. Gaston Construction Company, Inc. and Thacker Engineering, Inc. In February 1996, Thacker Engineering filed for Chapter 11 bankruptcy. Shortly thereafter, in May 1996, Gaston-Thacker filed suit against Collections of Life. In September 1996, Gaston-Thacker obtained a judgment against the company in the amount of $484,850.71.

In November 1996, Thacker Engineering's bankruptcy case was converted to a Chapter 7 bankruptcy, and Alan Nisselson was appointed bankruptcy trustee. Representatives of A. G. Gaston Construction dealt with the trustee. In this regard, Nisselson averred that "A. G. Gaston Construction Co., Inc. timely provided to me and/or my accountant any and all information requested regarding Gaston-Thacker . . . and its assets, including accounting information and underlying documentation." According to Nisselson, he "was provided with information regarding the existence of a judgment against [Collections of Life] as well as information regarding the status of collection efforts by and on behalf of the partnership."

After reviewing the accounting information and underlying documentation, Nisselson concluded that "there was little if any likelihood that Thacker[ ] [Engineering's] interest in . . . Gaston-Thacker, General Partners was of any value because of the debts owed by [the partnership] to A. G. Gaston Construction Co., Inc., and numerous other trade creditors."[2] After reaching this conclusion, Nisselson and A. G. Gaston Construction entered into a stipulation — approved by

---

[1] Gaston-Thacker counterclaimed, seeking dismissal of Collections of Life's action with prejudice.

[2] Indeed, the record shows that Thacker Engineering was indebted to the partnership, which was listed as a creditor in the bankruptcy filings.

the bankruptcy court — that permitted A. G. Gaston Construction to continue the ongoing affairs of the partnership pending dissolution.

In September 1997, Collections of Life filed for Chapter 11 bankruptcy ("Collections bankruptcy"), and Gaston-Thacker filed a proof of claim in that bankruptcy proceeding. From August 1, 1998, through November 30, 2001, Collections of Life made occasional payments to Gaston-Thacker as required by the bankruptcy court. In May 2003, the Collections bankruptcy case was dismissed, and in September 2003, Gaston-Thacker renewed its writ of fieri facias. Collections of Life then filed the instant case to set aside the writ.

The parties filed cross-motions for summary judgment, and the trial court ruled in favor of Gaston-Thacker on both motions. Collections of Life appeals, asserting that Gaston-Thacker is judicially estopped from collecting on the debt because Thacker Engineering did not disclose the existence of the judgment during its bankruptcy proceeding. In a related argument, Collections of Life maintains that Gaston-Thacker's failure to disclose Thacker Engineering's bankruptcy to the court handling the Collections bankruptcy also should preclude recovery. We disagree.

"Under the doctrine of judicial estoppel, a party will not be permitted to take a position in a state court proceeding that is inconsistent with a position taken in a bankruptcy proceeding."[3] However, this doctrine is not mechanically applied.[4] Rather, whether judicial estoppel will be applied in any given case

> depends on three factors. First, the party's later position must be clearly inconsistent with its earlier position. Second, the party must have succeeded in persuading a court to accept the party's earlier position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations. And third, a court must consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[5]

Here, the trial court determined that judicial estoppel was inappropriate. And the trial court has discretion in determining whether judicial estoppel applies in cases involving bankruptcies

---

[3] *SuperValu, Inc. v. KR Douglasville, LLC*, 272 Ga. App. 710, 713 (3) (613 SE2d 154) (2005).

[4] See id.; *Period Homes v. Wallick*, 275 Ga. 486, 488-489 (2) (569 SE2d 502) (2002).

[5] (Citations and punctuation omitted.) *SuperValu, Inc.*, supra at 714.

under Chapters 7 and 11.[6] Given that Gaston-Thacker promptly disclosed the existence of the debt to the bankruptcy trustee, "it cannot be said that [the partnership] 'misled' or otherwise manipulated either the court or the bankruptcy trustee."[7] It was the trustee who determined that the net value of the partnership was such that it added no real value to Thacker Engineering's estate. Under these circumstances, there is simply no evidence that Gaston-Thacker garnered any advantage by virtue of Thacker Engineering's failure to specifically list a claim held by Gaston-Thacker on its bankruptcy schedule.[8] Similarly, we disagree that Gaston-Thacker should be estopped, as a matter of law, from pursuing the debt by virtue of Gaston-Thacker's alleged failure to notify the Collections bankruptcy court of Thacker's bankruptcy. It follows that Collections of Life's arguments lack merit, and we affirm.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2006.

*Theodore H. Lackland*, for appellant.
*Ellenberg, Ogier & Rothschild, Tamara M. Ogier*, for appellee.

---

[6] See *Wallick*, supra at 488.
[7] Id. at 488-489.
[8] See id.