## 77908. HARRELL v. HUNTINGTON ASSOCIATES, LTD.
### (379 SE2d 194)

CARLEY, Chief Judge.

Appellee-plaintiff is the holder of two promissory notes which were secured by real property. Payment of the notes was guaranteed by appellant-defendant. The notes went into default for the untimely failure to pay according to their terms. After this default, appellee brought suit against appellant on his guaranty agreement. Appellant answered, denying the material allegations of the complaint and, by supplemental answer, he subsequently raised certain other defenses. Appellant appeals from the grant of summary judgment in favor of appellee.

1. Appellant enumerates the grant of appellee's motion for summary judgment as error, urging that a genuine issue of material fact remains as to whether the default was attributable to appellee's own wrongful conduct. See generally OCGA § 13-4-23.

Appellant offered only his own affidavit in support of his OCGA § 13-4-23 defense. There is considerable doubt whether appellant's affidavit should even be considered as sufficient to raise any genuine issue as to the asserted defense. In his affidavit, appellant merely sets forth his conclusion that appellee's declaration of the default was "meritless and wrongful," but does not include sufficiently specific facts to support such a conclusion. See generally *Parlato v. MARTA*, 165 Ga. App. 758, 759 (1) (302 SE2d 613) (1983).

However, even assuming that the affidavit would otherwise be sufficient to raise a genuine issue of material fact as to the OCGA § 13-4-23 defense, the other uncontradicted evidence of record shows the nonviability of that defense. It is undisputed that, subsequent to the default, the parties entered into several agreements. In those post-default agreements, appellant acknowledged the existence of an actionable default in the payment of the notes, the validity of appellee's acceleration of the underlying indebtednesses as the result of that default, and appellee's entitlement to exercise its legal rights and remedies to secure payment of the accelerated indebtedness. In consideration of appellee's acceptance of a partial payment on the accelerated indebtedness and its agreement to forebear the exercise of its legal rights and remedies for a specified period, appellant agreed that he would undertake to cure the default. These post-default agreements, which recognize the existence of an actionable default on the notes, are totally inconsistent with appellant's present contention that appellee's initial declaration of the default was "wrongful and meritless." Accordingly, those post-default agreements serve to estop appellant from now establishing a defense based upon OCGA § 13-4-23. " ' "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litiga-

tion has begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold. He is estopped from doing it by a settled principle of law." [Cit.]'" *Weldon v. Lashley*, 214 Ga. 99, 103 (3) (103 SE2d 385) (1958). Appellant has, at all times prior to this litigation, acknowledged the existence of an actionable default and, under the principle of estoppel, he is prevented from now assuming, to the detriment of appellee, the inconsistent position that the default is not actionable. See generally *Brown v. Scales*, 109 Ga. App. 138 (135 SE2d 525) (1964).

Nothing in *Pearson v. Brown*, 105 Ga. 802 (31 SE 746) (1898) compels a contrary result. The holding in *Pearson* relates to an estoppel against the defense of partial failure of consideration and that holding has no applicability in a case where, as here, the asserted estoppel is addressed to a wholly different defense to liability. See *Williams v. Rentz Banking Co.*, 114 Ga. App. 778 (152 SE2d 825) (1966). Moreover, here, unlike in *Pearson*, the evidence shows more than a mere naked post-default promise on the part of appellant to undertake to cure the acknowledged default. The uncontradicted evidence establishes a mutual agreement, supported by valuable consideration, whereby appellee, in return for a partial payment and the promise to cure the acknowledged default in a timely fashion, promised that it would forebear from the exercise of its legal rights and remedies.

Construing the evidence most favorably for appellant, no genuine issue of material fact remains as to his estoppel to assert the only defense that he has raised to his liability as guarantor of the notes. Accordingly, the trial court did not err in granting appellee's motion for summary judgment.

2. Pursuant to OCGA § 5-6-48 (d), appellant has moved to supplement the record. "[A]n appellate court may, in its discretion, require that a record be supplemented. . . . [Cit.]" *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984). Appellant urges that the supplemental material will demonstrate that the grant of summary judgment in favor of appellee should be vacated as moot. Mootness, however, is a ground for dismissal of an appeal, and not a ground for the vacation of a judgment. See OCGA § 5-6-48.

The supplementary material at issue relates to an entirely separate legal proceeding and concerns events which did not occur in that separate proceeding until sometime after the trial court in the present case had granted summary judgment in favor of appellee. Consequently, that material relates to extraneous matters which were not raised in the trial court prior to the grant of appellee's motion and, thus would have no bearing on the question of whether the order from which appellant appeals is or is not erroneous. "[I]t is obvious that the purported amendment, never having been considered by the

trial court, has no place in the record on appeal." *Egerton v. Jolly*, 133 Ga. App. 805, 807 (2) (212 SE2d 462) (1975). Accordingly, the motion to supplement the record is denied.

3. Appellee's motion for the imposition of damages for pursuit of a frivolous appeal is denied.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 22, 1989.

*Wildman, Harrold, Allen, Dixon & Branch, William L. Roths-child*, for appellant.

*Morris, Manning & Martin, David A. Rabin*, for appellee.