A02A1919. ROWAN v. GEORGE H. GREEN OIL, INC.
(572 SE2d 338)

ELDRIDGE, Judge.

Carol Rowan filed a personal injury action against George H. Green Oil, Inc. d/b/a Greenway Stores ("Green"). The Superior Court of Fayette County issued an order granting summary judgment to

Green on the basis of judicial estoppel in that Rowan failed to amend a previously filed bankruptcy petition in order to include the personal injury action. Rowan appeals from the superior court's order. On the record before us, we find no basis for the application of judicial estoppel and reverse.

On August 11, 1997, Rowan filed for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Middle District of Georgia. In April 2001, Rowan instituted her personal injury suit against Green. The bankruptcy court issued an order, filed on July 9, 2001, discharging Rowan's debts after completion of a Chapter 13 debt adjustment plan. On July 20, 2001, Green filed a motion for summary judgment based on judicial estoppel for Rowan's failure to amend her bankruptcy petition to add the personal injury claim against Green as an asset of the estate. Thereafter, Rowan amended the bankruptcy schedules to add the personal injury claim. With the amended schedule, Rowan filed a "Notice of Time to Respond to Amended Schedule C" and served the bankruptcy trustee and all creditors listed in the petition. Rowan's bankruptcy case had not been closed, and the amended schedule and notice were filed in the bankruptcy court on August 3, 2001. Oral argument was then heard on the Fayette County summary judgment motion on August 24, 2001, and, on September 4, 2001, the superior court issued its order granting summary judgment to Green on the basis of judicial estoppel. *Held*:

> The federal doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. This doctrine is commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition. A failure to reveal assets, including unliquidated tort claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations. The application of the doctrine preserves the integrity of the judicial forum by not permitting a debtor to take inconsistent positions to manipulate the system.[1]

In that regard, "[t]his court has also held that if the debtor initially fails to list the claim as a potential asset but later amends the bank-

---

[1] (Punctuation and footnotes omitted.) *Wolfork v. Tackett*, 273 Ga. 328-329 (540 SE2d 611) (2001).

ruptcy filing or moves to reopen the bankruptcy proceeding to include the claim, judicial estoppel will not bar a later recovery on the claim."[2] We have previously instructed the bar that "a party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action."[3] Indeed, "amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim."[4]

In the instant case, although it is undisputed that Rowan made the initial mistake of failing to schedule any tort claim she might have as a potential asset, there is unrefuted evidence in the record that, when Rowan became aware that her claim had not been scheduled, she quickly amended her schedules to include the claim — well in advance of any disposition on the motion for summary judgment.[5] The amended schedule was noticed to Rowan's bankruptcy trustee, as well as to all creditors, and additional time to respond to the amendment was made part of the filing. Contrary to assertions by Green, it was unnecessary for Rowan to move to reopen the bankruptcy case or to petition the bankruptcy court in order to file such amendment, because Rowan's bankruptcy case was not closed at the time of amendment.[6] The discharge of a debtor does not close a bankruptcy case,[7] and USCS Bankruptcy Rule 1009 provides that a debtor's lists or schedules may be amended "as a matter of course at any time before the case is closed."[8] Under such circumstances, it

---

[2] *Smalls v. Walker*, 243 Ga. App. 453, 456 (2) (532 SE2d 420) (2000).

[3] (Punctuation and footnote omitted.) *Cochran v. Emory Univ.*, 251 Ga. App. 737, 740 (555 SE2d 96) (2001) (Miller, J., concurring specially).

[4] *Jowers v. Arthur*, 245 Ga. App. 68, 70 (537 SE2d 200) (2000).

[5] Compare *Cochran v. Emory Univ.*, supra at 738-739 (plaintiff did not move to reopen bankruptcy case and amend petition to list tort claim until after unfavorable order on summary judgment was entered).

[6] See 11 USCS § 350 (a) ("After an estate is fully administered and the court has discharged the trustee, the court shall close the case."); USCS Bankruptcy Rule 5009 ("If in a . . . chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered."); see also, e.g., *Critical Care Support Svcs. v. United States*, 236 BR 137, 141 (I) (E.D. N.Y. 1999) ("Only a bankruptcy case which has been closed pursuant to 11 USC § 350 (a) – i.e., in which the estate has been fully administered and any trustee appointed has been discharged – may be 'reopened' pursuant to 11 USC § 350 (b).") (punctuation omitted); accord *In re Income Property Builders*, 699 F2d 963, 965 (9th Cir. 1982).

[7] Id.; see also, e.g., *In the Matter of Tarrer*, 273 BR 724 (N.D. Ga. 2001) (debtor received Chapter 13 bankruptcy discharge on April 14, 2000; case was closed on September 20, 2000).

[8] USCS Bankruptcy Rule 1009 (a) ("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.").

cannot be said — as a matter of law on summary judgment — that Rowan intentionally attempted to manipulate and deceive the court system through inconsistent pleading. Nor can it be said as a matter of law that Rowan's present position in the Superior Court of Fayette County is "inconsistent with one successfully and unequivocally asserted by [her] in a prior proceeding."[9] And Green's reliance on cases wherein no attempt was made to amend the bankruptcy schedules to reflect a tort claim is unavailing.[10]

Furthermore, because Rowan amended her bankruptcy petition to include her personal injury action as a potential asset, she has gained no unfair advantage in bankruptcy court. Any recovery she might obtain from Green will inure to the benefit of the bankruptcy estate, and in turn, to the creditors who asserted claims to the estate's assets. Rowan's amendment to her bankruptcy petition and notice thereof pursuant to USCS Bankruptcy Rule 1009 (a) permits the bankruptcy trustee and/or creditors to pursue any claims.[11] Accordingly, the trial court erred in applying the doctrine of judicial estoppel to bar Rowan's personal injury action against Green.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 8, 2002.

*Grist & Brock, Joel M. Grist, Jr.*, for appellant.
*Cobb, Grabbe, Spillers & Irwin, Charles E. Johnson III*, for appellee.

---

[9] *Pittman v. Massachusetts Mut. Life Ins. Co.*, 904 FSupp. 1384, 1386-1387 (III) (S.D. Ga. 1995); *Jowers v. Arthur*, supra at 70.

[10] See *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454 (442 SE2d 265) (1994); *Byrd v. JRC Towne Lake, Ltd.*, 225 Ga. App. 506 (484 SE2d 309) (1997).

[11] *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996).