## A07A1496. NATIONAL BUILDING MAINTENANCE SPECIALISTS, INC. v. HAYES.
### (653 SE2d 772)

MIKELL, Judge.

National Building Maintenance Specialists, Inc. ("National"), filed a motion to dismiss Cassaundra Hayes's personal injury action on the ground that she was judicially estopped from prosecuting the action because of her failure to list the claim in her Chapter 13 bankruptcy petition. The trial court denied the motion but issued a certificate of immediate review. We granted National's application for interlocutory appeal.[1] Reviewing the trial court's denial of National's motion to dismiss under the de novo standard of review,[2] we affirm.

On January 23, 2003, Hayes slipped and fell at her place of employment. The building that housed Hayes's employer was owned by Ackerman Decatur, L.P. ("Ackerman"). On July 1, 2004, Hayes filed a petition and an accompanying schedule to institute a Chapter 13 bankruptcy proceeding, which listed a workers' compensation claim against Ackerman that arose from her on-the-job injury. On January 10, 2005, Hayes filed a personal injury action in the State Court of Fulton County against Ackerman and National, which had been employed by Ackerman to clean the building where Hayes worked. The personal injury action was transferred to the State Court of DeKalb County on November 21, 2005, and docketed in that court on April 4, 2006.

On December 15, 2006, National filed its motion to dismiss, arguing that Hayes was judicially estopped from prosecuting the action because she failed to list it as an asset in her bankruptcy proceeding. Hayes responded to National's motion, showing the court that on April 17, 2006, she filed an "Application to Employ Franklin E. Parker as Special Counsel" to represent her in her personal injury claim against Ackerman and National "for injuries sustained on or about January 23, 2003[,] in an accident arising out of and in the course of her employment." Also attached to Hayes's response was an "Order Approving Application for Employment of Special Counsel," which was issued by the bankruptcy court on May 24, 2006. The trial court denied National's motion to dismiss and issued a certificate of

---

[1] We deny Hayes's motion to amend the record to include her amended Chapter 13 bankruptcy schedules, which she filed in the bankruptcy court, after we granted the application for interlocutory appeal. Because the amended schedule was not considered by the trial court, we cannot consider it here. *Harrell v. Huntington Assoc.*, 190 Ga. App. 421, 422 (2) (379 SE2d 194) (1989) (amendment not considered by the trial court has no place in the record on appeal). See also *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 72 (3) (599 SE2d 20) (2004) (only documents we consider on appeal are those presented to the trial court before its ruling on the motion).

[2] *In re Scheib*, 283 Ga. App. 328 (641 SE2d 570) (2007).

immediate review. In its single enumeration of error on appeal, National argues that the trial court erred when it concluded that Hayes was not judicially estopped from bringing her personal injury claim.

As stated earlier, Hayes filed a Chapter 13 bankruptcy proceeding. "A Chapter 13 debtor's interest in a cause of action, including an unliquidated tort claim, is personal property included as part of the bankrupt estate."[3] Unlike a Chapter 7 or 11 debtor, a Chapter 13 debtor has a statutory duty to amend his schedule of assets to include property, such as a tort claim, that should have been listed initially or was acquired after the bankruptcy petition was filed.[4]

The federal doctrine of judicial estoppel was first followed by Georgia courts in 1994.[5] Under the doctrine, a party is precluded from "asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding."[6] Therefore, the doctrine

> is commonly applied to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition [because a] failure to reveal assets, including unliquidated tort claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations.[7]

We have held that

> [t]he essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who

---

[3] (Citations omitted.) *Byrd v. JRC Towne Lake*, 225 Ga. App. 506 (484 SE2d 309) (1997), citing 11 USC §§ 1306 (a); 541 (a).

[4] *Period Homes v. Wallick*, 275 Ga. 486, 487-488 (1) (569 SE2d 502) (2002), disapproving *Wolfork v. Tackett*, 273 Ga. 328 (540 SE2d 611) (2001), which is cited herein for other propositions, to the extent that it held that Chapter 7 or 11 debtors were required to amend their bankruptcy schedules. Accord *Vojnovic v. Brants*, 272 Ga. App. 475, 476-477 (1) (612 SE2d 621) (2005).

[5] *Wallick v. Period Homes*, 252 Ga. App. 197, 198 (1) (555 SE2d 863) (2001), aff'd, *Period Homes*, supra, 275 Ga. 486.

[6] (Citation omitted.) *Chicon v. Carter*, 258 Ga. App. 164, 165 (573 SE2d 413) (2002); *Rowan v. George H. Green Oil, Inc.*, 257 Ga. App. 774, 775 (572 SE2d 338) (2002).

[7] (Footnote omitted.) *Wolfork*, supra. Accord *Chicon*, supra; *Rowan*, supra.

would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.[8]

A fortiori, whether to apply the doctrine of judicial estoppel depends entirely on the actions of the plaintiff.[9]

In this case, the slip and fall giving rise to Hayes's personal injury action occurred before she filed her Chapter 13 bankruptcy proceeding, but she did not list the claim in her bankruptcy petition. "We have emphasized . . . that if the debtor initially fails to list the claim as a potential asset but later successfully amends the bankruptcy filing or reopens the bankruptcy proceeding to include the claim, judicial estoppel will not bar recovery on the claim."[10] At the time of the trial court's ruling on the motion to dismiss, Hayes had not amended her bankruptcy schedule. If there were no additional evidence to consider, we could conclude the analysis here, determining that Hayes was judicially estopped automatically from pursuing her personal injury claim.[11] However, in this case, before the filing of the motion to dismiss, Hayes filed an application to employ counsel to represent her in her personal injury claim, and the bankruptcy court entered an order approving her application, which specifically provided that notice had been given to all required parties-in-interest. Although Hayes did not amend her bankruptcy filing, she did alert the court and other interested parties of the claim. Therefore, she did not mislead the bankruptcy court or gain an unfair advantage by non-disclosure as her recovery on the personal injury claim will inure to the benefit of her bankruptcy estate, and in turn, to her creditors.[12] Therefore, we cannot conclude that Hayes offended the purpose of the

---

[8] (Citations and punctuation omitted.) *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996). Accord *Byrd*, supra at 507. See also *Kittle v. ConAgra Poultry Co.*, 247 Ga. App. 102, 104 (1) (543 SE2d 411) (2000).

[9] *Reagan v. Lynch*, 241 Ga. App. 642, 644 (524 SE2d 510) (1999). Accord *Kittle*, supra at 105 (1).

[10] (Footnote omitted.) *Jowers v. Arthur*, 245 Ga. App. 68, 69 (537 SE2d 200) (2000). See also *Rowan*, supra at 775-776.

[11] See *Spoon v. Johnson*, 247 Ga. App. 754 (545 SE2d 328) (2001) (debtor estopped from pursuing personal injury claim because he failed to disclose it in his bankruptcy petition); *Harper v. GMAC Mtg. Corp.*, 245 Ga. App. 729 (538 SE2d 816) (2000) (debtor judicially estopped from pursuing damages claim against his mortgagee because he failed to list it in his petition even though he listed injunctive relief and declaratory judgment claims against the mortgagee); *Reagan*, supra (judicial estoppel applied to bar claims not listed in bankruptcy petition even though debtor informed trustee of claim); *Byrd*, supra (debtor estopped from pursuing personal injury claim for failure to list claim on the petition despite her contention that she did not know she was required to list it and that her attorney did not show her the bankruptcy forms).

[12] See *Johnson*, supra at 651-652 (judicial estoppel did not apply because the debtor, who alerted court and creditors of his claim by amending his schedule had not gained an unfair

judicial estoppel doctrine by mocking the integrity of the judiciary or otherwise manipulating the court system because she apprised the bankruptcy court and all interested parties, including her creditors, of the existence of her personal injury claim before National filed its motion to dismiss. Although it would have been far more prudent for Hayes simply to amend her schedule simultaneously with the filing of her application for counsel, we cannot dismiss her action for her failure to do so. Accordingly, we affirm the trial court's denial of National's motion to dismiss.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 24, 2007 —

*Goodman, McGuffey, Lindsey & Johnson, Robert A. Luskin,* for appellant.

*Deming, Parker, Hoffman, Green & Campbell, Russell J. Parker, Jr., Franklin E. Parker, James R. Green, Jr.,* for appellee.

---

advantage by nondisclosure). See generally *Period Homes, supra* at 488 (2) (judicial estoppel not applied where the debtor did not mislead the bankruptcy court or accrue a benefit from the omission of the claim).