A08A2172. CSX TRANSPORTATION, INC. v. HOWELL et al.

(675 SE2d 306)

ADAMS, Judge.

We granted CSX Transportation, Inc.'s (CSXT) application seeking interlocutory review of the trial court's order denying its motion for reconsideration of an order denying summary judgment. At issue in this appeal is whether judicial estoppel bars this action which was filed under the Federal Employers' Liability Act, 45 USC § 51 et seq. (FELA), in the State Court of Fulton County; resolution of that issue in this particular case turns on whether state or federal law applies. The trial court, in an extensive and well-reasoned order, ruled that the issue of whether judicial estoppel acted as a bar to litigation in this case was procedural in nature and thus governed by Georgia, not federal, law. Applying Georgia law, the trial court ruled that judicial estoppel did not bar the FELA claim. We now affirm the trial court's order.

The following background facts are pertinent here: In November 2001, Jimmy Howell filed a FELA action against CSXT for injuries he allegedly received during the course of his railroad employment. In his complaint, he sought a recovery in excess of one million dollars, including damages for lost wages and benefits and medical expenses, as well as general damages. In October 2002, Howell and his wife filed a Chapter 7 bankruptcy action. On Schedule B, under "[o]ther contingent and unliquidated claims" Howell indicated his right to receive disability benefits as a result of being injured on the job with CSXT; however, he failed to specifically identify his FELA claim under that section or under the section requiring disclosure of "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." However, according to an affidavit filed by Howell's bankruptcy attorney, Howell did disclose at the 341 hearing that he had a lawsuit against CSXT on account of being injured. On January 17, 2003, Howell received a "no asset" discharge, meaning that his creditors received nothing, and his bankruptcy case was closed.

When CSXT subsequently learned of Howell's bankruptcy case during discovery in the FELA case, it filed a motion for summary judgment contending that under Georgia law, Howell was judicially estopped from pursuing his FELA claim because he did not disclose that claim or his contingent right of recovery in his bankruptcy proceeding. In response, Howell successfully petitioned the bankruptcy court to reopen his case so that he could amend his schedules to reflect the pending FELA lawsuit. Howell then amended the bankruptcy petition to reflect the FELA action, but listed it only as a right to receive disability benefits and lost future earnings with a

current market value of zero dollars; he also indicated that any amount he received up to $10,000 would be exempt under OCGA § 44-13-100 (a) (2) and (11). Because he represented his claim to be fully exempt, the bankruptcy court did not appoint a trustee to pursue the claim. On December 9, 2003, the trial court in this case denied CSXT's motion for summary judgment. And on January 2, 2004, the bankruptcy case was once again closed.

On June 4, 2004, CSXT again moved for summary judgment on the basis, inter alia, that Howell was judicially estopped from pursuing his FELA claims because he had failed to disclose the true value and nature of the FELA claim when he amended his bankruptcy petition. Again, CSXT relied exclusively on Georgia case law governing judicial estoppel in its initial brief filed in support of its motion. However, CSXT filed a supplemental brief in support of its motion on January 11, 2005, arguing that the issue of judicial estoppel was governed by federal law and that federal law, unlike the controlling precedent in Georgia, did not allow a plaintiff in this situation to avoid judicial estoppel by amending his bankruptcy schedules to include the omitted claim. On January 12, 2005, the trial court denied CSXT's motion.

On April 27, 2005, the bankruptcy trustee petitioned the bankruptcy court to once again reopen the bankruptcy case and to be allowed to withdraw his no asset report on the basis that the description of the FELA claim on the amended schedule, which included only "disability benefits" or "future loss of earnings" was incomplete, false and misleading. On July 8, 2005, the bankruptcy court reopened the case and granted the request to withdraw the report of no distribution. The trustee was subsequently added as a party plaintiff to the FELA action.

In November 2007, CSXT moved the trial court in the FELA case to reconsider the denial of its previous motions for summary judgment, again arguing that federal, not state law, governed the issue of whether Howell was judicially estopped from pursuing his FELA claim.[1] It is the trial court's denial of that motion that is presently before this Court for review.

In this appeal, CSXT enumerates three related errors: The trial court erred in ruling that judicial estoppel is a procedural rule and not substantive law in a FELA case; the trial court erred in following Georgia judicial estoppel precedent, rather than federal case law; and

---

[1] The original trial judge who had denied the previous motions for summary judgment recused himself, and thus the motion for reconsideration, which was in essence a motion for summary judgment, was heard by a different judge.

the trial court erred in denying CSXT's motions for summary judgment.

1. CSXT argues that the trial court erred in ruling that the doctrine of judicial estoppel is a procedural rule governed by the law of the forum rather than federal substantive law. Thus, CSXT further argues, in its related second enumeration of error, that the trial court erred in following Georgia judicial estoppel precedent, rather than federal case law to decide if judicial estoppel should bar Howell from pursuing his FELA claim.

"Since 1994 we have followed the federal doctrine of judicial estoppel, which precludes a party from asserting in a judicial proceeding a position inconsistent with a position successfully asserted by it in a prior proceeding." *Jowers v. Arthur*, 245 Ga. App. 68, 69 (537 SE2d 200) (2000). As we recently explained:

> [T]he essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Footnote omitted.) *Nat. Bldg. Maintenance Specialists v. Hayes*, 288 Ga. App. 25, 26-27 (653 SE2d 772) (2007).

Thus, " '[t]his equitable doctrine is invoked by a court at its discretion, and intended to prevent abuse of the judicial process. The circumstances under which it is appropriate are not reduced to any general formula or rule. (Cit.)' [Cit.]" *Benton v. Benton*, 280 Ga. 468, 469 (629 SE2d 204) (2006).

Both the state and federal courts have

> commonly applied [the doctrine] to preclude a bankruptcy debtor from pursuing a damages claim that he failed to include in his assets in the bankruptcy petition (because a) failure to reveal assets, including unliquidated tort claims, operates as a denial that such assets exist, deprives the bankruptcy court of the full information it needs to evaluate and rule upon a bankruptcy petition, and deprives creditors of resources that may satisfy unpaid obligations.

(Footnote omitted.) *Nat. Bldg. Maintenance Specialists v. Hayes*, 288

Ga. App. at 26. See also *De Leon v. Comcar Indus.*, 321 F3d 1289, 1291-1292 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F3d 1282 (11th Cir. 2002).

However, courts sometimes differ in the application of the doctrine. For example, the federal courts generally do not allow a plaintiff who has failed to list a tort or other claim that could be considered an asset of the estate on a bankruptcy petition to avoid judicial estoppel by amending the petition or reopening the bankruptcy case to include the claim. As the Eleventh Circuit explained in *Burnes v. Pemco Aeroplex, Inc.*, 291 F3d at 1288:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [a plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.

In contrast,

> "this court has . . . held that if the debtor initially fails to list the claim as a potential asset but later amends the bankruptcy filing or moves to reopen the bankruptcy proceeding to include the claim, judicial estoppel will not bar a later recovery on the claim." We have [thus] previously instructed the bar that "a party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action." Indeed "amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim."

*Rowan v. George H. Green Oil, Inc.*, 257 Ga. App. 774, 775-776 (572 SE2d 338) (2002). See also *Benton v. Benton*, 280 Ga. at 470.

Thus, the pivotal issue in this case is whether state law or federal law applies to the question of whether Howell is judicially estopped from proceeding with his FELA claim. As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. *St. Louis Southwestern R. Co. v. Dickerson*, 470 U. S. 409 (105 SC 1347, 84 LE2d 303) (1985). However, as the court in *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F3d 597 (9th Cir. 1996) observed "[t]he choice between state and federal law (is) hard for a doctrine

YALE LAW LIBRARY

such as judicial estoppel, a hybrid between substance and process that on occasion affects the outcome." Id. at 602.

The Supreme Court of Alabama, noting the difficulty other courts have had in deciding whether judicial estoppel is substantive or procedural, observed:

> It is simplistic to assume that all law is divided neatly between "substance" and "procedure." A rule of procedure may have an impact upon the substantive result and be no less a rule of procedure on that account. . . . As said in *Hanna v. Plumer*, 380 U. S. 460, 471, 85 SC 1136, 1144, 14 LE2d 8, 16-17 (1965), "The line between 'substance' and 'procedure' shifts as the legal context changes. 'Each implies different variables depending upon the particular problem for which it is used.' "

*Middleton v. Caterpillar Indus.*, 979 S2d 53, 60 (Ala. 2007). The Court in *Middleton* went on to hold that judicial estoppel should be more properly treated as a rule of procedure.

> Although the doctrine of judicial estoppel [has] an impact upon the substantive result . . . , it is no less a rule of procedure on that account. The primary purpose of the doctrine of judicial estoppel is to protect the integrity of our judicial system from those who may play fast and loose with the courts. [Cit.] Therefore we conclude that judicial estoppel is procedural in nature, and the rule of lex fori shall apply.

(Punctuation omitted.) Id.

We too, are persuaded, as was the trial court, by the reasoning in *Middleton* that the better position is to treat judicial estoppel as procedural in nature and apply the law of the forum to determine whether the plaintiff is barred from proceeding with his FELA action. It is the integrity of the court, not the parties or cause of action, that is at the crux of judicial estoppel. As the trial court found, in this case it is a Georgia court that is interested in preserving the integrity of the judicial process. As the trial court further reasoned:

> The fact that the underlying claim arises under federal law should have no bearing on what Georgia considers to be the proper application of the doctrine in preventing any manipulation by a debtor-plaintiff. Accordingly the Court finds that the doctrine of judicial estoppel is properly applied as a procedural rule governed by the law of the forum.

Again, we agree with this reasoning. CSXT's first and second enumerations of error are thus without merit.

2. CSXT also argues, inter alia, that the trial court erred by denying its motion for summary judgment because Howell's FELA claim is barred under the federal doctrine of judicial estoppel. However, in light of our holding that the trial court did not err by applying state instead of federal law to determine whether Howell's FELA claim was barred, we need not address this argument.

CSXT does make a brief argument in its reply brief that Howell's FELA claim would also be barred under Georgia's judicial estoppel law. However, "[CSXT] may not, in [its] reply brief, assert a completely new argument that was not made in [its] original enumerations of error." *Miners v. State*, 250 Ga. App. 443, 446 (3) (550 SE2d 725) (2001). Moreover, as noted above, this Court has held on several occasions that a party may avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or by moving to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action. *Nat. Bldg. Maintenance Specialists v. Hayes*, 288 Ga. App. at 27 (although plaintiff-debtor did not amend her petition, she did alert bankruptcy court and all required parties-in-interest of her personal injury claim); *Rowan v. George H. Green Oil, Inc.*, 257 Ga. App. at 775-776 (judicial estoppel not applicable where plaintiff-debtor amended her bankruptcy petition to include personal injury claim well in advance of any disposition on summary judgment motion); *Johnson v. Trust Co. Bank*, 223 Ga. App. 650 (478 SE2d 629) (1996) (judicial estoppel not applicable where plaintiff-debtor successfully reopened and amended his bankruptcy petition); see also *Benton v. Benton*, 280 Ga. at 471 (wife in divorce proceedings not judicially estopped from pursuing alimony and property settlement although she did not initially list those items on the petition but moved to amend the petition after she received a *favorable* ruling from the trial court on husband's motion for summary judgment). Compare *Cochran v. Emory Univ.*, 251 Ga. App. 737, 739 (555 SE2d 96) (2001) (plaintiff/debtor did not seek to amend her bankruptcy petition until after she received an adverse ruling from the trial court on issue of judicial estoppel); *Reagan v. Lynch*, 241 Ga. App. 642 (524 SE2d 510) (1999) (plaintiff-debtor who neither amended his bankruptcy petition nor moved the bankruptcy court to allow such an amendment judicially estopped from asserting his state law claims).

This enumeration is thus also without merit.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 12, 2009.

*Casey, Gilson & Williams, James E. Gilson, Sandra Gray*, for appellant.

*Warshauer, Poe & Thornton, Michael J. Warshauer*, for appellee.