# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1837.  LEONARD et al. v. COBB HOSPITAL, INC. d/b/a WELLSTAR COBB HOSPITAL et al.**

The above-referenced appeal was docketed with this Court on May 11, 2012, after we granted Appellant's application for interlocutory appeal. On November 20, 2012, following oral argument and the submission of briefs by the parties, Appellant filed a motion to supplement the record on appeal and a request to file a brief in support thereof under seal.

In this motion, Appellant asserts that on November 12, 2012, "counsel for Defendants/Appellees WellStar Health System, Inc. provided certain documents in chambers to all counsel of record as well as to the trial judge" and that "[u]pon review of the documents, [the trial judge] determined that they should be sealed." Counsel for Appellees "provided the trial court and opposing counsel with a memorandum related to the documents that were sealed" because the meeting was not transcribed, and counsel for Appellant "filed an affidavit and addendum in the trial court setting forth the details of the in-chambers meeting." Appellant asserts that "the newly disclosed documents and memorandum change the record that is presently before this Court and have a direct bearing on the issues under review by this Court" and informs this Court that the trial judge, "upon learning of Counsel for Appellant's position, ordered the Clerk of Court for Cobb County State Court to supplement the appellate record." Accordingly, Appellant now seeks leave to supplement the record on appeal with the documents under seal and to file supplemental briefs.

To begin with, we question the trial court's jurisdiction to consider the relevant documents and order supplementation of the record on appeal given that after this

Court grants an application for interlocutory appeal, the filing of a notice of appeal acts as supersedeas. *See* OCGA § 5-6-34 (b); *see also* OCGA § 5-6-46 (a). Additionally, this Court cannot consider documents on appeal that were not considered by the trial court prior to its ruling. *See, e.g.*, *National Building Maintenance Specialists, Inc. v. Hayes*, 288 Ga. App. 25, 25 n.1 (653 SE2d 772) (2007). Nevertheless, this Court is required to take action "to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). And in light of Appellees' recent presentation of new documents to the trial court, the trial court's consideration of and order concerning same, and Appellant's allegation regarding the import of the documents and request to supplement the record, we hereby **REMAND** this case to the trial court. As such, Appellant's motion to supplement the record is **DENIED** as moot.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,* 11/29/2012
          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*