# Court of Appeals
# of the State of Georgia

ATLANTA, December 21, 2012

*The Court of Appeals hereby passes the following order:*

## A13A0735. LEONARD et al. v. COBB HOSPITAL, INC. d/b/a WELLSTAR COBB HOSPITAL et al.

The above-referenced appeal was docketed with this Court on December 6, 2012. Previously, this case was docketed as case number A12A1837 on May 11, 2012, after we granted Appellant's application for interlocutory appeal. On November 20, 2012, following oral argument and the submission of briefs by the parties, Appellant filed a motion to supplement the record on appeal and a request to file a brief in support thereof under seal.

In response to the Appellant's motion in A12A1837, we remanded the case to the trial court on November 29, 2012, because "Appellant assert[ed] that 'the newly disclosed documents and memorandum change the record that is presently before this Court and have a direct bearing on the issues under review by this Court' and inform[ed] this Court that the trial judge, 'upon learning of Counsel for Appellant's position, ordered the Clerk of Court for Cobb County State Court to supplement the appellate record.'" Court of Appeals Order in A12A1837 (Nov. 29, 2012). The case has since been redocketed as case number A13A0735, and Appellant has filed a motion to unseal the documents that "were supplemented to the record pursuant to the trial court's November 20, 2012 order[.]"[1]

Appellant again asserts that the records it seeks to unseal "are pertinent to

---

[1] Appellant has also filed a separate motion seeking to transfer case number A13A0735 to the appellate panel to which A12A1837 was assigned or, in the alternative, to grant oral argument in case number A13A0735.

every issue on appeal in this case . . . ." But as this Court made clear in its prior order of remand, we cannot consider documents on appeal that were not considered by the trial court prior to its ruling. *See, e.g.*, *National Building Maintenance Specialists, Inc. v. Hayes*, 288 Ga. App. 25, 25 n.1 (653 SE2d 772) (2007). Although it appears that the trial court considered the newly submitted evidence insomuch as it ordered supplementation of the record,[2] there is no indication before this Court that the portions of the record at issue were considered prior to the decision that is the subject of this appeal. Indeed, there is every indication to the contrary. Accordingly, if the Appellant wishes for the newly disclosed evidence to be considered by this Court, the Appellant must seek the trial court's reconsideration of its prior ruling in light of the newly disclosed evidence. *See, e.g.*, *Hayes*, 288 Ga. App. at 25 n.1. *Cf. Kitchens v. State*, 228 Ga. 624, 625 (1) (187 SE2d 268) (1972) ("The Supreme Court is a court for the trial and correction of errors of law committed in the trial courts, as shown by the record of what transpired therein which has been transmitted to it. This court has no original jurisdiction, and it cannot decide questions raised for the first time after the case has been appealed to it."). Unless and until the newly disclosed documents are considered by the trial court in the context of ruling upon the issues actually appealed in this case, they will remain irrelevant to this Court's review.

Accordingly, this case is again *REMANDED* to the trial court, and Appellant's motion to unseal the record is *DENIED* as moot. Likewise, the Appellant's motion to transfer this appeal to the original appellate panel or, in the alternative, to grant oral argument is *DENIED* as moot.

---

[2] As noted in the previous order of remand, "we question the trial court's jurisdiction to consider the relevant documents and order supplementation of the record on appeal given that after this Court grants an application for interlocutory appeal, the filing of a notice of appeal acts as supersedeas. *See* OCGA § 5-6-34 (b); *see also* OCGA § 5-6-46 (a)." Court of Appeals Order in A12A1837 (Nov. 29, 2012).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 12/21/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*