**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 14, 2018**

# In the Court of Appeals of Georgia

A17A2081. NORFOLK SOUTHERN RAILWAY COMPANY v. LEWIS.

BETHEL, Judge.

Norfolk Southern Railway Company appeals from the denial of its motion for a new trial after a jury awarded damages to Roscoe Lewis in his action brought under the Federal Employers' Liability Act ("FELA"). On appeal, Norfolk Southern argues that the trial court erred by granting Lewis's motion in limine to exclude evidence of income that Lewis earned from a car repair business he owned and operated while he was on medical leave from Norfolk Southern. Because we agree with Norfolk Southern that evidence of those earnings and his ability to operate a car repair business were relevant to his claims for lost wages, lost earning capacity, and pain

and suffering, we reverse the decision of the trial court denying Norfolk Southern's motion for a new trial.

The record before us reflects that, while employed at Norfolk Southern, Lewis injured his back in a work-related accident and did not work for a period of time thereafter. He later brought suit against Norfolk Southern under FELA, claiming damages for the injuries he sustained in the accident. Included in his prayer for relief were claims for "sustained mental and physical . . . pain and suffering, past, present, and future . . . lost wages in the past and future . . . [and] permanent loss of earning capacity."

During the pendency of the suit, Norfolk Southern became aware that, both prior to and after the accident that injured him, Lewis ran a side business in which he repaired cars. Norfolk Southern claimed that a review of Lewis's bank transactions reflected earnings from this business during the period of his leave from Norfolk Southern. Lewis moved in limine to exclude evidence of this side business and the earnings he received from it, arguing that such earnings were irrelevant to his claims. The trial court granted that motion over Norfolk Southern's objection. Specifically, the trial court prohibited any questions or arguments from either party regarding the income received by Lewis from performing car repairs but did permit the parties to

2

discuss and offer evidence regarding Lewis's physical ability to work on cars, specifically as it related to his claim for damages for pain and suffering.

The jury returned a verdict in favor of Lewis and awarded him $84,292.75 in past lost wages and $494,000 for pain and suffering. Norfolk Southern filed a motion for a new trial, alleging the same grounds it now raises on appeal. The trial court denied that motion, and this appeal followed.

FELA "provides a federal tort remedy for railroad employees injured on the job, [while] working within the scope of their employment." *Zeagler v. Norfolk So. R. Co.*, 317 Ga. App. 302, 303 (730 SE2d 657) (2012) (footnote omitted); 45 U.S.C. § 51 et seq. A FELA plaintiff can recover special damages for past and future lost wages and medical expenses and general damages for pain and suffering. *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685, 686 (398 SE2d 365) (1990).

State and federal courts have concurrent jurisdiction over FELA cases,[1] and while the substantive remedies offered by FELA are federal, "FELA cases adjudicated in state courts are subject to state procedural rules[.]" *CSX Transp., Inc. v. Howell*, 296 Ga. App. 583, 586 (1) (675 SE2d 306) (2009). Under Georgia law, "[w]e review the trial court's decision to admit or exclude evidence under the abuse of discretion

---

[1] 45 U.S.C. § 56.

standard." *C&F Servs., Inc. v. First So. Bank*, 258 Ga. App. 71, 75 (1) (573 SE2d 102) (2002); *see also Smith v. CSX Transp., Inc.*, 325 Ga. App. 314, 320 (751 SE2d 604) (2013) (abuse of discretion standard applied to determine whether trial court erred in admitting certain evidence relevant to plaintiff's lost wages and earning capacity in FELA case) (physical precedent only).

The trial court permitted Norfolk Southern to introduce evidence that Lewis could work on cars, but only in relation to his claim for pain and suffering. It barred Norfolk Southern from introducing evidence regarding, or referring to, income he earned from the business. The trial court's initial exclusion of this evidence appears to have been based on its determination that such evidence was not relevant to any issue in this case. In its order denying Norfolk Southern's motion for a new trial, the trial court also indicated its view that evidence of Lewis's earnings from his car repair business would have been confusing to the jury and that the risk of such confusion was substantially greater than the probative value of the evidence. For the reasons set forth below, it was an abuse of the trial court's discretion to exclude this evidence on those grounds.

OCGA § 24-4-401 provides that relevant evidence is any evidence that has "any tendency to make the existence of any fact that is of consequence to the

4

determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In this case, Lewis's claims for damages were for lost wages, diminished future earning capacity, and past and future pain and suffering.

(a) *Lost Wages*. Under FELA, the appropriate measure of lost wages for a FELA plaintiff is the difference between what the plaintiff would have earned on the railroad and what he might have earned in another position. *Jones v. Consol. Rail Corp.*, 800 F.2d 590, 594 (6th Cir. 1986); *Central of Ga. Railroad Co. v. Ross*, 342 Ga. App. 27, 33 (2) (a) (802 SE2d 336) (2017). We note that *Jones* dealt specifically with jury instructions on the allowable measure of damages, not whether certain evidence was relevant to those considerations. However, because the jury in *Jones* was not properly informed that the measure of damages for lost wages was the difference between the plaintiff's former employment and any interim employment, reversible error occurred. *Jones*, 800 F.2d at 594.

In light of the principles discussed in *Jones*, we agree with Norfolk Southern that Lewis's earnings from his car repair business during the period of his leave from Norfolk Southern are relevant to his claim for lost wages. In this case, Norfolk Southern came forward with evidence before trial that Lewis earned fees for his car repair work during the period he was not working for Norfolk Southern. Although the record reflects that Lewis had apparently done this type of work for pay as a side job while he was also working for Norfolk Southern and that some of the money he received was essentially in the form of a "donation" from friends and family members, he indicated in his deposition that the amounts he received from repairs increased during the period of his leave from Norfolk Southern.[2]

It is plainly arguable, then, as Norfolk Southern has asserted, that additional earnings from his car repair business offset, or could have offset, some of the income he lost during his period of leave from Norfolk Southern. This evidence could be used

_____

[2] At oral argument, Lewis argued that Norfolk Southern never presented any proof to the trial court that Lewis's earnings from the car repair business increased during the period he was on leave. However, in its response to Lewis's motion in limine to exclude evidence of his earnings from his business, Norfolk Southern cited deposition testimony from Lewis stating that he was able to commit more time to his repair business after the accident and that his earnings from that business increased as a result. Thus, this argument was clearly before the trial court when it issued its ruling excluding evidence of these earnings.

6

to contest the extent and value of damages suffered by Lewis. For these reasons, we hold that the trial court abused its discretion by excluding evidence of Lewis's earnings from his repair business from the jury's consideration of his claim for lost wages.

(b) *Lost Earning Capacity*. "Damages for the injury of loss of earning capacity may be recovered in a FELA action." *Bissett v. Burlington Northern R. Co.*, 969 F.2d 727, 731 (II) (c) (8th Cir. 1992) (citation omitted). "Earning capacity means the potential for earning money in the future[.]" *Id*. (citation omitted). In arriving at its verdict, the jury should take into consideration the plaintiff's work injuries and any impairment they have caused to his earning power. *Swindle*, 260 Ga. at 686. To recover damages for lost earning capacity, "a plaintiff must show that his injury has caused a diminution in his ability to earn a living. Such a diminution includes a decreased ability to weather adverse economic circumstances, such as a discharge or lay-off, or to voluntarily leave the defendant employer for other employment." *Gorniak v. Nat'l R. Passenger Corp.*, 889 F.2d 481, 484 (II) (3d Cir. 1989).

In evaluating lost earning capacity in FELA cases, this Court has held the plaintiff's occupational abilities, industriousness, work habits, and experience are relevant. *Smith*, 325 Ga. App. at 319. Moreover, the approach of the federal courts in

7

permitting recovery of damages for lost earning capacity under FELA in cases where the plaintiff is not totally disabled (as is the case here) appears to be broadly consistent with Georgia law, which calls for a multiplicity of factors to be considered in evaluating the claimed diminution to the plaintiff's earning power. As this Court has held,

> [t]he measure of such damages involves numerous considerations, among which are, first, the earnings before the injury, *earnings after the injury*, *probability of increased or decreased earnings in the future, considering the capacity of the injured party,* effects of sickness and old age, etc. Recovery for lost earning capacity is an item of special damages which requires some evidence upon which a jury can base with reasonable certainty a finding as to amount of such damages. While proof of the plaintiff's actual earnings, either before or after the injury, is not essential to the establishment of the value of the plaintiff's decreased earning capacity, *there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury*.

*Jones v. O'Day*, 303 Ga. App. 159, 161 (692 SE2d 774) (2010) (citation omitted) (emphasis supplied).

In this case, evidence of Lewis's earnings from his repair business is clearly relevant to his ability to earn a living after his injury. Such evidence speaks to

marketable skills he possesses and the value placed on those skills by others. Such evidence thus bears directly on his ability to earn a living outside the railroad industry and his employment relationship with Norfolk Southern. It was therefore an abuse of the trial court's discretion to exclude evidence of his earnings from his repair business from the jury's consideration in regard to his lost future earning capacity.

(c) *Pain and Suffering.* Although it granted Lewis's motion in limine, the trial court did permit Norfolk Southern to discuss and offer evidence regarding Lewis's physical ability to work on cars, as it related to his claim for damages for pain and suffering. However, the trial court forbade Norfolk Southern from discussing any earnings from his car repair business in this context. This was in error.

As the Second Circuit has discussed, awarding damages for pain and suffering has traditionally proven to be a vexing task for juries in FELA cases, noting that "[t]he problem . . . stems from the unavoidably vague measure of damages which the jury is instructed to apply, i.e., fair and reasonable compensation, to the extent that injuries, pain and suffering can be translated into dollars." *Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1172 (2d. Cir. 1974). However, as with the jury's consideration of a plaintiff's claimed pecuniary loss, it is our view that a broad consideration of

9

factors and evidence relating to the extent of the plaintiff's claimed pain and suffering best serves the jury in this enterprise.

In this case, we agree with the trial court that evidence that Lewis could work on cars in the time he was off from work is relevant to his claim for damages for pain and suffering. However, divorced from the fact that he earned compensation for this work, the jury was left with an incomplete picture of his post-injury abilities. We see no reason why the fact that he earned money from such work is not relevant to the jury's consideration of the extent of his pain and suffering from the injuries he sustained, as such evidence could better help the jury understand the frequency and duration of his repair work in addition to allowing the jury to fully consider whether he experienced anxiety or distress due to his inability to earn a living by working for Norfolk Southern. Moreover, because this evidence was probative of his ability to work, perform physical tasks, and earn a living after his injuries and because, as discussed above, it should have been admitted in the context of Lewis's claims for lost wages and earning capacity, we disagree with the trial court's assessment that the jury would have been confused by the evidence or that it was unduly prejudicial to Lewis. Thus, it was error for the trial court to exclude evidence of Lewis's earnings from his car repair business from the jury's consideration of this claim for damages.

(d) *Harmful Error*. We must also consider whether the trial court's exclusion of this evidence was harmful error. OCGA § 9-11-61 provides that

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

In this case, the trial court's erroneous exclusion of evidence relating to Lewis's earnings from his car repair business clearly limited Norfolk Southern's ability to contest both the extent and value of the injuries sustained by Lewis. As noted above, such evidence spoke directly to the damages ultimately awarded by the jury. In light of the evidence's relevance to several classes of damages claimed by Lewis, its erroneous exclusion by the trial court constituted harmful error and was inconsistent with the administration of substantial justice. We therefore reverse the ruling of the trial court denying Norfolk Southern's motion for a new trial.

*Judgment reversed. McFadden, P. J., and Branch, J., concur*.

11